IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE TAYBRON, | No. C 99-4660 JSW (MEJ) |
| Plaintiff, | ORDER TO SHOW CAUSE |
| vs. | ORDER SCHEDULING FURTHER SETTLEMENT CONFERENCE |
| SAN FRANCISCO CITY & COUNTY, | |
| Defendant. | |

On November 27, 2007, the Honorable Martin J. Jenkins referred this matter to the undersigned for a settlement conference regarding the request of John Taylor, Plaintiff's counsel, for attorney's fees and costs. (Doc. #203.) On January 9, 2008, the Court scheduled a settlement conference to take place on March 25, 2008, at which time the Court informed the parties that they must comply with the undersigned's *Standing Order Re: Settlement Conference Procedures*. (Doc. #204.) The Standing Order provides as follows:

> All parties and their counsel of record are required to attend the settlement conference. Each party must attend the conference having full authority to negotiate and settle the case.
>
> Only upon written showing of good cause, submitted at least fourteen calendar days prior to the settlement conference, will the Court excuse a party or Counsel from mandatory attendance of the settlement conference. Parties or Counsel may only be excused from attending the settlement conference upon written authorization from Judge James. Parties or Counsel who fail to attend the settlement conference without authorization from Judge James may be subject to sanctions, pursuant to Federal Rule of Civil Procedure 16(f).

*(Standing Order Re: Settlement Conference Procedures*, ¶. 2-3.)

Both parties submitted settlement conference statements, and the Court prepared to go forward with the settlement conference on March 25. However, on that date, Mr. Taylor failed to appear for the conference, despite the fact that its sole purpose was to resolve the dispute regarding

his request for fees and costs. Instead, Dennis Vann, another attorney, appeared on his behalf. Not only is Mr. Vann not counsel of record in this matter, but he informed the Court that he did not have complete authority to settle.

This blatant disregard for the Court's rules, as well as an utter lack of respect for the Court's and opposing counsel's time, flies in the face of Mr. Taylor's obligations as a practicing attorney in this district. Accordingly, the Court ORDERS Mr. Taylor to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 16(f). Specifically, Mr. Taylor shall address the following: (1) his failure to appear at the March 25 settlement conference as required by the undersigned's standing order and Rule 16(f); (2) his failure to submit a written request, at least fourteen calendar days prior to the settlement conference, to be excused from his mandatory attendance of the settlement conference; and (3) his decision to send an attorney who is not counsel of record, and who was substantially unprepared to participate in any negotiations because he lacked complete authority to settle the case, in violation of the undersigned's standing order and Rule 16(f)(1).

Mr. Taylor shall e-file a responsive declaration by April 3, 2008. However, the Court shall not schedule a hearing on the matter at this time; instead, the parties shall appear for a Further Settlement Conference on May 7, 2008 at 10:00 a.m. in the undersigned's chambers. The parties shall comply with the undersigned's standing order. The Court shall reserve the issue of sanctions for determination after the further settlement conference.

**IT IS SO ORDERED.**

Dated: March 25, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

2